UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA LOZANO,<br><br>                           Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>                          Respondent. | Case No.:  21-CV-02088-AJB;<br>16-CR-01332-AJB-3<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255; and**<br><br>**(2) DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**(Doc. No. 155)** |

      Petitioner Cynthia Lozano ("Lozano" or "Petitioner") moves under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct her Sentence on the basis of ineffective assistance of counsel. (Doc. No. 155.)[1] The United States opposes the Section 2255 Petition. (Doc. No. 158.) For the reasons discussed in detail below, the Court **DENIES** the petition, **DENIES**

---

[1] All docket citations refer to the docket numbers as filed in Petitioner's criminal case, 16-CR-01332-AJB-3.

1

**AS MOOT** Petitioner's motion to proceed in forma pauperis, and **DENIES** a certificate of appealability.

## I.    BACKGROUND

The facts leading up to Petitioner's indictment and subsequent guilty plea are as follows. Between January 19, 2010, to on or about January 30, 2013, Lozano made and presented false claims to the IRS (Counts 1–13), committed wire fraud (Counts 14–25) and mail fraud (Count 26) by ultimately filing fraudulent tax returns in the names of over 200 taxpayers via U.S. mail and interstate wire transmissions, and committed aggravated identity theft (Counts 27–33). (*See United States v. Lozano*, 13-CR-1354-AJB-1.) Lozano was arrested on or about April 16, 2013, and the Court granted her motion for release on bond on December 3, 2013. (*Id.*, Doc. Nos. 25, 43.) On February 5, 2015, Lozano pleaded guilty to Counts 1 through 13 in open court. (*Id.*, Doc. No. 104.) On February 13, 2015, Lozano withdrew her guilty plea to Counts 1 through 13, and entered guilty pleas to Counts 16 (Wire Fraud) and 30 (Aggravated Identity Theft). (*Id.*, Doc. No. 156 at 2.)

However, while under indictment and on bond, Lozano committed further acts of conspiracy, wire fraud, mail fraud, aggravated identity theft, and false claims. (Doc. No. 27.) Between April 12, 2013, to on or about July 7, 2015, Lozano made false claims to the IRS on tax returns filed, without lawful authority. (Doc. No. 27 at 2.) Lozano thereafter purchased several properties with proceeds obtained pursuant to a fraud scheme, including wire fraud, mail fraud, and aggravated identity theft. (*Id.* at 3–4.) The Government thus added new charges in a superseding indictment in the instant case. (*See generally id.*) Jeremy Delicino was appointed as counsel on July 28, 2016, (Doc. No. 31), and Jason Conforti was entered as additional counsel for Petitioner on July 6, 2017, (Doc. No. 111). Delicino was thereafter withdrawn from the case on April 22, 2019. (Doc. No. 130.) On the same day, David Zugman was appointed as counsel. (*Id.*)

On November 15, 2016, Petitioner pled guilty to Count 1 for conspiracy in violation of 18 U.S.C. § 371; Counts 2–15 for false claims, in violation of 18 U.S.C. § 287; Counts 16–17 for wire fraud, in violation of 18 U.S.C. § 1343; Counts 18–29 for mail fraud, in

1  violation of 18 U.S.C. § 1341; Counts 30–37 for theft of government property, in violation
2  of 18 U.S.C. §§ 641 & 2; and Counts 38–51 for aggravated identity theft, in violation of
3  18 U.S.C. § 1028A(a)(1). (Doc. Nos. 27 & 76.) Because Petitioner committed new acts
4  while under indictment and on bond, the Court found this to be an aggravating factor in
5  favor of consecutive, rather than concurrent, sentences. Thus, on July 12, 2017, Petitioner
6  was sentenced to one hundred seventy-five (175) months in custody and three (3) years of
7  supervised release. (Doc. No. 158 at 1.)

8  On August 2, 2017, Lozano appealed her sentence, which she thereafter voluntarily
9  dismissed. (Doc. Nos. 118, 125.) Thereafter, the Government filed a motion to clarify
10 judgment orders "to reflect the Court's intent that the sentences run consecutively." (Doc.
11 No. 126 at 1.) After briefing and oral argument, during which time Lozano's counsel
12 aggressively fought for concurrent sentencing, the Court entered a corrected judgment
13 confirming that Petitioner's sentences were to run consecutively. (*See* Doc. No. 135.)

14 On September 4, 2019, Lozano appealed her judgment, arguing "that the judgments'
15 omission that her two sentences were to run consecutively is not a clerical error under
16 Federal Rule of Criminal Procedure 36, but a judicial error under Rule 35 . . .." (Doc. Nos.
17 136, 154.) Lozano argued in the alternative that the imposition of consecutive sentences
18 resulted from an incorrect calculation of the Sentencing Guidelines. (Doc. No. 154 at 4.)
19 The Ninth Circuit affirmed this Court's clarification of Lozano's judgments, upholding her
20 consecutive sentences. (*Id.* at 5.)

21 On December 9, 2021, Petitioner initiated this action alleging ineffective assistance
22 of counsel. (Doc. No. 155.) On January 23, 2022, the United States filed its opposition.
23 (Doc. No. 158.)

24 **II.   LEGAL STANDARD**
25 Under Section 2255, a petitioner is entitled to relief if the sentence (1) was imposed
26 in violation of the Constitution or the laws of the United States, (2) was given by a court
27 without jurisdiction to do so, (3) was in excess of the maximum sentence authorized by
28 law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v.*

3

*Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

Generally, a petitioner who has procedurally defaulted by not raising a claim on direct review is barred from raising it on collateral review unless she can show cause and prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *see also Stewart v. United States*, 914 F.2d 1496 (9th Cir. 1990) ("'Section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction.'"). However, the Supreme Court has noted an exception to this rule, excluding all ineffective assistance of counsel claims from the cause and prejudice requirement. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Braswell*, 501 F.3d 1147, 1150 n.1 (9th Cir. 2007). "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504.

## III.   DISCUSSION

Lozano brings a Section 2255 Petition centered ineffective assistance of counsel. (Doc. No. 155.)

The Supreme Court has held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). "[T]o establish ineffective assistance of counsel, a party must demonstrate (1) that counsel's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984)).

Accordingly, "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." *Id.* (emphasis in original). Furthermore, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

Here, Petitioner alleges her counsel informed her that her judgments would run concurrently and failed to communicate to her that she was allegedly sentenced incorrectly within the sentencing guidelines. (Doc. No. 155 at 6.) The Government responds that contesting the length of sentence is not an appropriate basis for relief under Section 2255 because her sentence does not violate the Constitution or the laws of the United States, the Court had jurisdiction to impose her sentence, and her sentence was not in excess of the maximum authorized by law. (Doc. No. 158 at 7.) The Government further asserts Lozano fails to provide sufficient facts to support her claims. (*Id.* at 7–8.)

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Nonetheless, a district court generally has "broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence." *United States v. Johnson*, 40 F.3d 1079, 1082 (10th Cir. 1994); *see also United States v. Montes-Ruiz*, 745 F.3d 1286, 12 (9th Cir. 2014) (recognizing sentencing judge's broad discretion to make concurrent/consecutive decisions).

Sentencing Guidelines § 5G1.3 provides for the imposition of a concurrent sentence if certain conditions are met. Section "5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Witte v. United States*, 515 U.S. 389, 405 (1995). However, the Sentencing Guidelines are advisory, not mandatory. *United States v. Armstead*, 552 F.3d 769, 784 (9th Cir. 2008). Given the advisory nature of the Guidelines as well as the court's broad discretion, a

"district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies . . .. but a district judge must still *consider* what the Guidelines suggest." *United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013).

A movant under § 2255 cannot satisfy *Strickland*'s prejudice requirement under § 5G1.3 because the Court's discretion leaves open a possibility, not a "reasonable probability," that the sentencing judge would have imposed a concurrent sentence. *See United States v. Alvarez*, 184 F. App'x 876, 881 (11th Cir. 2006) (holding a movant failed to show prejudice where his "assertion that the sentencing judge might have imposed a sentence concurrent with his other . . . sentences [was] mere speculation"); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (denying an ineffective-assistance claim where "only the possibility existed that [a defendant] would receive a concurrent sentence" if his counsel raised the issue).

Here, the ineffective assistance of counsel claim fails on the prejudice prong because a possibility that a court may impose a concurrent sentence is insufficient to demonstrate a "reasonable probability" under *Strickland*. *See Garcia v. United States*, Nos. CV 12-10661 DDP, CR 11-214 DDP T, 2013 WL 4718427, at *3 (C.D. Cal. Sept. 3, 2013) (denying ineffective assistance of counsel claim because possibility is insufficient to demonstrate reasonable probability of a different outcome); *United States v. Law*, Crim. Action No. 08–77, 2012 WL 1671289, at *3–4 (E.D. Pa. May 14, 2012) (same). Moreover, at Petitioner's change of plea hearing, held on November 15, 2016, the Court informed Petitioner that "Guidelines are advisory, I am not bound by them. I can vary from what the guidelines work out and suggest, and sentence you up to the maximum penalties . . . if I feel that is appropriate." (Doc. No. 96 at 16.) Petitioner thereafter confirmed with the Court that she understood. (*Id.*) Petitioner's oral and written plea agreements further listed the maximum penalties as per count, and nowhere was concurrent sentencing noted. (*See id.* at 6–12; *see generally* Doc. Nos. 117, 131.) On this basis alone, the Court **DENIES** Petitioner's claim for ineffective assistance of counsel for failing to inform her she may not have been

correctly sentenced within the Sentencing Guidelines, as Petitioner was correctly sentenced.

Regardless, Petitioner's trial counsel actively sought a concurrent sentence in a sentencing memorandum and in oral argument at the hearing. Her trial counsel's performance did not fall "below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 687–88. The fact that the Court ultimately disagreed with counsel does not constitute deficient performance. *See Joshua v. United States*, CV 09-8067, CR 05-1140 RSWL, 2010 WL 11628576, at *1 (C.D. Cal. May 13, 2010) (counsel was not deficient for failing to reduce petitioner's criminal history category as much as the petitioner believed was fair); *McIntyre v. Marshall*, No. CV 09-5393-CAS(PJW), 2011 WL 3204692, at *4 (C.D. Cal. May 31, 2011) (counsel not deficient because motion, while arguments were made, was not ultimately successful). Thus, Petitioner has not demonstrated her trial counsel was deficient.

Next, Petitioner asserts her sentence should be vacated because her trial counsel did not inform her that she gave up her appeal rights, and that she was promised her appeal rights would "be anew." (Doc. No. 1; 155 at 6.) She further asserts the waiver of her appeal was not knowing and voluntary. However, as stated above, these assertions are contrary to the record. Petitioner's counsel timely filed a notice of appeal, and the appeal of her sentencing was voluntarily dismissed in 2018. (Doc. No. 154 at 5.) Petitioner's counsel thereafter filed a second appeal, challenging her corrected judgment. (*See generally id.*) Thus, because this Court finds the Petitioner did not waive her right to appeal, and Petitioner has not stated any grounds that her counsel was ineffective in pursing the appeal, Petitioner's claim must fail.

C. **Evidentiary Hearing**

A district court must hold an evidentiary hearing before denying a Section 2255 motion, unless it is conclusively shown that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b); *see Machibroda v. United States*, 368 U.S. 487, 494 (1962). However, if it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations,

unsupported by facts and refuted by the record," a district court may deny a Section 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). As explained above in greater detail, the Court finds Petitioner has failed to state a claim and has not provided the Court with more than conclusory allegations. The Court finds that an evidentiary hearing is not required.

### D. Certificate of Appealability

Absent a certificate of appealability from this circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin*, 568 U.S. 165, 184 (2013). A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds Petitioner has not made the necessary showing. Thus, a certificate of appealability is therefore **DENIED**.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, and **DENIES AS MOOT** Petitioner's motion to proceed in forma pauperis. (Doc. No. 155.) The Court also **DENIES** a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: May 25, 2022

Hon. Anthony J. Battaglia
United States District Judge